**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL GENORD WASHINGTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1814 |
| | § | |
| DOUG DRETKE, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Michael Genord Washington, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging a decision by the Texas Board of Pardons and Paroles to deny him mandatory supervised release. Petitioner was convicted of murder and sentenced to 99 years incarceration in 1983, and claims he is eligible for mandatory supervised release.

Petitioner argues that the Board has unlawfully denied him due process by denying his release to mandatory supervision without providing him with sufficient notice and an opportunity to be heard or a proper review. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that

contains unexhausted claims must be dismissed. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990). The exhaustion requirement applies to prisoners challenging a denial of release to mandatory supervision. *See Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000) (holding that an applicant's habeas corpus claims alleging illegal confinement arising after his conviction, but not contesting the validity of the judgment, may be raised under Code of Criminal Procedure Art. 11.07).

Petitioner's petition fails to reflect that he filed a state application for writ of habeas corpus regarding his denial of release to mandatory supervision. He therefore has not presented his claims to the Texas Court of Criminal Appeals. Petitioner's claims should be dismissed for failure to exhaust his state remedies.

Accordingly, this petition for habeas relief is **DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 12th day of June, 2006.

GRAY H. MILLER
UNITED STATES DISTRICT JUDGE